**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**BRITTANY KILCHER,**

          **Plaintiff,**

 vs.                **1:19-CV-00157
                     (MAD/TWD)**

**NEW YORK STATE POLICE,**

          **Defendant.**

---

**APPEARANCES:**         **OF COUNSEL:**

**BRITTANY KILCHER**
1618 Columbia Turnpike
Castleton-on-Hudson, New York 12033
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On February 7, 2019, *pro se* plaintiff Brittany Kilcher ("Plaintiff") commenced this action against Defendant New York State Police ("Defendant"), pursuant to 42 U.S.C. § 1983, alleging that Defendant violated Plaintiff's rights under the First, Fourth, and Fifth Amendments. *See* Dkt. No. 1 at 1-3. Plaintiff also filed a state law negligence claim. *See* Dkt. No. 1 at 3. In a February 19, 2019 Order and Report-Recommendation, Magistrate Judge Dancks reviewed the complaint and granted Plaintiff's application to proceed *in forma pauperis*. *See* Dkt. No. 5 at 1-2. Magistrate Judge Dancks found that Plaintiff's claims against the New York State Police are barred by the Eleventh Amendment, but recommended that the Court grant Plaintiff an additional thirty days in which to amend her complaint by naming an individual defendant or defendants

who do not have Eleventh Amendment immunity.[1]  *See* Dkt. No. 5 at 6-7.  For the reasons that follow, the Court affirms Magistrate Judge Dancks' Order and Report-Recommendation in its entirety.

## II. BACKGROUND

Plaintiff alleges that on July 15, 2018, after a vehicle rear-ended the vehicle in which Plaintiff and her friends were traveling, the responding state trooper yelled profanities at Plaintiff and her friends and ordered the driver of Plaintiff's vehicle to exit the car.  *See* Dkt. No. 1 at 2. Plaintiff began recording the incident, but the trooper told her to put her phone down and then allegedly assaulted her and placed her in handcuffs.  *Id.*  First, Plaintiff alleges that the trooper violated her Fourth Amendment rights by unlawfully imprisoning Plaintiff and by using excessive force.  *Id.* at 3.  Second, Plaintiff alleges that the trooper violated her Fifth Amendment right to due process of law by forcefully removing her from the car and handcuffing her.  *Id.*  Third, Plaintiff alleges that the trooper violated her First Amendment rights by telling her to put her phone down after she began recording the trooper.  *Id.*  Lastly, Plaintiff asserts a state law negligence claim for the trooper's failure to obtain the medical attention that Plaintiff requested at the accident scene.  *Id.*  According to Plaintiff, Defendant New York State Police has not arrested this trooper or otherwise held her accountable for this incident.  *Id.*  Plaintiff seeks both monetary damages and the trooper's arrest.  *Id.* at 4.

## III. DISCUSSION

**A.     Standard of Review**

---

[1] A § 1983 claim for monetary damages brought against a state trooper in his or her individual capacity is not barred by the Eleventh Amendment.  *See Estes-El v. Town of Indian Lake*, 954 F. Supp. 527, 537 (N.D.N.Y. 1997).  Individual capacity suits seek to impose individual liability upon a government officer who has caused the deprivation of a federal right while acting under color of state law.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, although the court must show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.[3]

When reviewing a complaint under section 1915(e), the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading setting forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Rule 8's purpose "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v. Artuz*, No. 95 CIV. 4768, 1998

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[3] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless] lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke*, 490 U.S. at 327.

WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)) (other quotation and citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint filed by a *pro se* litigant should not be dismissed without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991) (citation omitted).

If a litigant files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, if a litigant fails to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1

4

(N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (citation omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C).

**B.    Analysis of the Order and Report-Recommendation**

Plaintiff's complaint names the New York State Police as the only defendant in this action. *See* Dkt. No. 1 at 1. Magistrate Judge Dancks correctly determined that Plaintiff's claims against the New York State Police are barred by both the Eleventh Amendment and the language of § 1983. *See Pierce v. New York State Police (Troop D Lowville)*, No. 7:05-CV-1477, 2011 WL 1315485, *13 (N.D.N.Y. Apr. 4, 2011) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-71 (1989)).[4]

The Eleventh Amendment to the United States Constitution bars federal courts from exercising subject matter jurisdiction over claims against a state or one of its agencies absent their consent to such a suit or an express statutory waiver of immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 90-100 (1984). Congress did not abrogate the Eleventh Amendment immunity granted to the states when it enacted 42 U.S.C. § 1983 because it is well-settled that states are not "persons" under section 1983. *See Quern v. Jordan*, 440 U.S. 332, 240-41 (1979); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted).

The Eleventh Amendment's immunity extends to the New York State Police as an agency of the State of New York. *See, e.g., Riley v. Cuomo*, No. 2:17-CV-01631, 2018 WL 1832929, *4 (E.D.N.Y. Apr. 16, 2018) (holding that the New York State Police, as a division in the executive

---

[4] The Eleventh Amendment also bars Plaintiff's state law negligence claim against the New York State Police. *See Pennhurst*, 465 U.S. at 120; *Winokur v. Office of Court Admin.*, 190 F. Supp. 2d 444, 450-51 (E.D.N.Y. 2002).

5

department of the State, is immune from claims under § 1983); *Finkelman v. New York State Police*, No. 06 Civ. 8705, 2007 WL 4145456, *3 (S.D.N.Y. Nov. 15, 2007) (holding that the Eleventh Amendment barred the plaintiff's suit seeking monetary damages under § 1983 against New York State Police) (citing *Morrongiello v. Ashcroft*, No. 01 Civ. 2524, 2004 WL 112944, *2 (S.D.N.Y. Jan. 22, 2004)); *Estes-El*, 954 F. Supp. at 536 (same). Furthermore, the New York State Police is not a person subject to suit under § 1983. *See Lilly v. Cullen*, No. 15-CV-874A(F), 2017 WL 1273972, *3 (W.D.N.Y. Mar. 14, 2017) (citing *Will*, 491 U.S. at 65). For the foregoing reasons, Magistrate Judge Dancks correctly determined that the Court should dismiss Plaintiff's claims against the New York State Police for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(B)(iii) and Rule 12(h)(3) of the Federal Rules of Civil Procedure. *See* Dkt. No. 5 at 6.

Finally, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff should be granted leave to amend. In any such amended complaint, Plaintiff shall name as a defendant any individuals employed by the New York State Police whom she believes violated her various Constitutional rights, as set forth in more detail by Magistrate Judge Dancks.

## IV. CONCLUSION

After carefully considering Magistrate Judge Dancks' Order and Report-Recommendation and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' February 19, 2019 Order and Report-Recommendation is **ADOPTED**; and the Court further

**ORDERS** that Plaintiff shall file her amended complaint within **THIRTY (30) DAYS** of the date of this Order;[5] and the Court further

**ORDERS** that if the Plaintiff amends her complaint, the amended complaint shall be sent to Magistrate Judge Dancks for initial review; and the Court further

**ORDERS** that, if Plaintiff fails to file her amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order from the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 18, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[5] Any amended complaint must be a complete pleading that supercedes the original complaint in all respects and does not incorporate by reference any portion of the original complaint. Plaintiff must comply in all respects with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure, which require, among other things, that the amended complaint contain a short and plain statement of each claim showing that Plaintiff is entitled to relief and that she state her claims in numbered paragraphs, each limited as far as practical to a single set of circumstances.